**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fisher Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Alexander H. Lim, Esq. (SBN: 297525)
alex@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Veronica Joaquin

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA JOAQUIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>SQUARETWO FINANCIAL CORPORATION; CACH, LLC; AND, MANDARICH LAW GROUP, LLP,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>I. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>II. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Plaintiff VERONICA JOAQUIN ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants SQUARETWO FINANCIAL CORPORATION ("SquareTwo" or "Defendants"); CACH, LLC ("CACH" or "Defendants"); MANDARICH LAW GROUP, LLP ("Mandarich" or "Defendants") with regard to attempts by Defendants to

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

CLASS ACTION COMPLAINT FOR DAMAGES      PAGE 1 OF 14

unlawfully and abusively collect a debt allegedly owed by Plaintiff, in violation of Federal and State debt collection laws.

4. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under Federal question pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k). In addition, jurisdiction also arises pursuant to 28 U.S.C. § 1367 for supplemental State claims.

9. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA").

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

///
///
///
///

11. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff reside in the County of Santa Barbara, State of California which is within this judicial district; and, (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant Mandarich resides in the County of Los Angeles, State of California, within this judicial district; and, (iv) Defendants conduct in this judicial district, including filing an action against Plaintiff entitled *CACH, LLC v. Veronica Joaquin, et al.*, court case no.: 15CV01386 lodged in the Santa Barbara Superior Court (the "Collection Action").

12. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Santa Maria, County of Santa Barbara, State of California.

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h) and "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant SquareTwo is a company operating from the State of Colorado.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant CACH is a company operating from the State of Colorado.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant Mandarich is a company operating from the City of Woodland Hills, State of California.

///

18. Plaintiff is informed and believes, and thereon alleges, that Defendants are persons who use an instrumentality of interstate commerce or the mails in businesses the principal purposes of which are the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

20. At all relevant times, Mandarich was an authorized agent of SquareTwo; and, CACH as SquareTwo; and, CACH's attorneys.

21. Pursuant to *Fox v. Citicorp Credit Services* 15 F.3d 1507, 1505, the actions of the attorney are to be imputed to the client on whose behalf they are taken.

22. At all relevant times, the actions taken by Mandarich were in the scope of the agency relationship and in furtherance of SquareTwo; and, CACH's interest and therefore are imputed upon SquareTwo; and CACH.

23. Because prior to these above described debt collection activities occurring, SquareTwo; and, CACH had retained Mandarich as SquareTwo and CACH's legal representative for the sole purpose of collecting DSNB's debts, and because Mandarich was SquareTwo and CACH's legal representative at the time the above described debt collection activities took place, and even continues to be SquareTwo and CACH's legal representative today, and because the above described debt collection activities, acts and

omissions of Mandarich were conducted by Mandarich at the direction and control of SquareTwo and CACH, Mandarich's activities, acts and omissions are imputed on SquareTwo and CACH under the common law doctrine of agency, that is, respondeat superior, generally, and vicarious liability, specifically. Consequently, any liability of Mandarich is also the liability of SquareTwo and CACH, as Mandarich was attempting to collect debts for SquareTwo and CACH and acting at the direction and control of SquareTwo and CACH, when those illegal activities, acts and omissions occurred.

## FACTUAL ALLEGATIONS

24. At all times relevant, Plaintiff is an individual residing within the State of California.

25. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.

26. Sometime prior to June 2014, Plaintiff allegedly incurred financial obligations to the original creditor, GE Capital Retail Bank, that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as defined above.

27. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. At all times, Plaintiff has, and continues to, dispute the validity of said debt.

28. Subsequently, but before January 2015, the alleged debt was assigned, placed, or otherwise transferred, to SquareTwo for collection.

29. Sometime thereafter, SquareTwo requested that CACH initiate collection efforts against Plaintiff in order to recover Plaintiff's alleged debt.

///

///

30. On or about January 1, 2015, Mandarich, at the request of CACH and SquareTwo, sent Plaintiff a written communication with regard to Plaintiff's alleged debt. This written correspondence constitutes a "communication" as that term is defined by 15 U.S.C. § 1692a(2), an "initial communication" consistent with 15 U.S.C. § 1692g(a), and a "debt collection" as that phrase is defined by 15 U.S.C. § 1692a(6).

31. CACH's letter to Plaintiff improperly identified Synchrony Bank as the original creditor of the alleged debt.

32. However, the actual original creditor at the time the alleged debt was incurred was GE Capital Retail Bank ("GE CRB"), which changed its name to Synchrony Bank on June 2, 2014.

33. Courts have found that in order to preserve the protections and policies of the FDCPA and RFDCPA, it is important for a consumer to know the proper identity of the creditor to allow the consumer to make more informed decisions on how to communicate with the creditor and avoid being misled.

34. Subsequently, on or about February 12, 2015, CACH sent another letter to Plaintiff also identifying Synchrony Bank as the original creditor.

35. By not accurately identifying GE CRB, Plaintiff was unable to intelligently choose Plaintiff's response to Defendant's written communications. Moreover, without the full and complete name of the original creditor, Plaintiff was confused by Defendant's collection letter and could not determine which account Defendant was attempting to collect from Plaintiff.

36. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff in connection with Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

///

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

37. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debts. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

38. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debts. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

39. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debts. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

40. Sometime thereafter, SquareTwo requested that CACH file a collection action against Plaintiff in order to recover Plaintiff's alleged debt.

41. On June 8, 2015, Mandarich initiated a lawsuit against Plaintiff on behalf of CACH and SquareTwo entitled *CACH, LLC v. Veronica Joaquin, an individual; and DOES 1 through 10 inclusive* ("the State Action"), in an attempt to collect the balance in the Superior Court of California, County of Santa Barbara, court case no.: 15CV01386, yet again falsely claiming that the original creditor of the alleged debt was Synchrony Bank.

42. Since Synchrony Bank did not exist at the time Plaintiff allegedly incurred the alleged debt, it is impossible for Synchrony Bank to have been the original creditor.

///
///
///
///

43. Through this conduct, Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

44. Through this conduct, Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

45. Through this conduct, Defendants violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect monies not owed by Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

46. Through this conduct, Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt not owed by Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

47. Therefore, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendants violated 15 U.S.C. §§ 1692d; 1692e; 1692e(10); and 1692f; and Cal. Civ. Code § 1788.17.

## CLASS ALLEGATIONS

48. Plaintiff brings this action on behalf of herself individually, and on behalf of all others similarly situated (collectively as "the Classes").

///

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

49. Plaintiff represents, and is a member of, Class 1 defined as follows:

> (i) all persons with addresses within the United States; (ii) who were sent one or more collection letter(s) by Defendants; (iii) to recover a consumer debt; (iv) which was incurred prior to June 2, 2014; (v) and identified Synchrony Bank as the original creditor; (vi) which was not returned undeliverable by the United States Postal Service; (vii) at any time one year prior to the date of the filing of this Action.

50. Plaintiff also represents, and is a member of, Class 2 defined as follows:

> (i) all persons with addresses within the State of California; (ii) who were sent one or more collection letter(s) by Defendants; (iii) to recover a consumer debt; (iv) which was incurred prior to June 2, 2014; (v) and identified Synchrony Bank as the original creditor; (vi) which was not returned undeliverable by the United States Postal Service; (vii) at any time one year prior to the date of the filing of this Action.

51. Plaintiff also represents, and is a member of, Class 3 defined as follows:

> (i) all persons with addresses within the United States; (ii) who were named as the defendant in a lawsuit brought by Defendants; (iii) to recover a consumer debt; (iv) which was incurred prior to June 2, 2014; (v) and identified Synchrony Bank as the original creditor in the complaint; (vi) at any time one year prior to the date of the filing of this Action.

52. Plaintiff also represents, and is a member of, Class 4 defined as follows:

> (i) all persons with addresses within the State of California; (ii) who were named as the defendant in a lawsuit brought by Defendants; (iii) to recover a consumer debt; (iv) which was incurred prior to June 2, 2014; (v) and identified Synchrony Bank as the original creditor in the complaint; (vi) at any time one year prior to the date of the filing of this Action.

53. Defendants and their employees or agents are excluded from the Classes.

///

54. Plaintiff does not know the exact number of persons in the Classes, but believe them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.
55. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The identity of the individual members is ascertainable through Defendants' and/or Defendants' agents' records or by public notice.
56. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:
   a) Whether Defendants' conduct violated the FDCPA by using unfair and unconscionable collection practices in connection with the collection of a debt in violation of § 1692f;
   b) Whether Defendants' conduct violated the FDCPA by misleading collection practices in connection with the collection of a debt in violation of § 1692e;
   c) Whether Defendants violated Cal. Civ. Code § 1788.17;
   d) Whether Defendants' conduct violated the RFDCPA;
   e) Whether Defendants' conduct violated the FDCPA;
   f) Whether members of the Classes are entitled to the remedies under the FDCPA;
   g) Whether members of the Classes are entitled to the remedies under the RFDCPA;
   h) Whether members of the Classes are entitled to declaratory relief;
   i) Whether members of the Classes are entitled to injunctive relief;
   j) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA;

  k) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and,

  l) Whether Defendants can satisfy the bona fide error affirmative defense.

57. As a person that received at least one written communication from Defendants in violation of Federal and/or State fair debt collection laws, Plaintiff is asserting claims that are typical of the Classes. Plaintiff will fairly and adequately protect the interests of the Classes.

58. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

59. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

60. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA or RFDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

61. Defendants have acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the Classes as a whole.

62. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

63. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

///

///

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

66. As a result of each and every violation of the FDCPA, Plaintiff, and the members of the Classes, are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

69. As a result of each and every violation of the RFDCPA, Plaintiff, and the members of the Classes, are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

///

///

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

- That this action be certified as a class action on behalf of the the Classes as requested herein;
- That Plaintiff be appointed as representative of the Classes;
- That Plaintiff's counsel be appointed as counsel for the Classes;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- That the Court preliminarily and permanently enjoin Defendant from sending further written communications which improperly list the incorrect original creditor; and,
- Any and all other relief that this Court deems just and proper.

///
///
///

## TRIAL BY JURY

70. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 19, 2015

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:\_\_\_/s/ Matthew M. Loker\_\_\_
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF